UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JOHN L. TURKUS,                                              **MEMORANDUM AND ORDER**
                                                             11-CV-3887 (FB)
               Plaintiff,

    -against-

MICHAEL J. ASTRUE,
 Commissioner of Social Security,

               Defendant.
-------------------------------------------------------------x

*Appearances:*
| For the Plaintiff: | For the Defendant: |
|---|---|
| CHRISTOPHER JAMES BOWES, ESQ. | LORETTA E. LYNCH, ESQ. |
| 54 Cobblestone Drive | United States Attorney |
| Shoreham, NY 11786 | CANDACE SCOTT APPLETON, ESQ. |
| | Assistant United States Attorney |
| | Eastern District of New York |
| | 271 Cadman Plaza East |
| | Brooklyn, NY 11201 |

**BLOCK, Senior District Judge:**

       The Commissioner of Social Security (the "Commissioner") moves, pursuant to Federal Rule of Civil Procedure 59(e) for reconsideration of and relief from the portion of this Court's September 7, 2012 Memorandum & Order that imposed a 60-day limit on the proceedings on remand and provided for an award of benefits in the event the prescribed deadline was not met. The Commissioner subsequently filed a Motion for Extension of Time, requesting that the court extend the time limit from 60 days to 120 days.

       Contrary to the Commissioner's argument in support of reconsideration and relief from judgment, the Court acted within its discretion in providing for a calculation of benefits should the Commissioner fail to meet the imposed time limitation. Here, as in *Butts*

*v. Barnhart*, 388 F.3d 377 (2d Cir. 2004), *amended on reh'g*, 416 F.3d 101 (2d Cir. 2005), the plaintiff has established disability through step four. AR 200-06; Order at 2-3. Accordingly, it was proper for the Court to impose a time limit on the remand proceedings, as well as provide for a calculation of benefits should the Commissioner fail to comply by the given deadline. *See Butts*, 388 F.3d at 387 ("The district court's order should provide that, if these deadlines are not observed, a calculation of benefits owed Butts must be made immediately."); *Hilsdorf v. Commissioner of Social Sec.*, 724 F. Supp. 2d 330, 356 (E.D.N.Y. 2010) (providing for calculation of benefits where deadlines are not met); *Bunger v. Astrue*, 2012 U.S. Dist. LEXIS 146146, at *1 (E.D.N.Y. Oct. 10, 2012) (awarding benefits where the Commissioner failed to meet the Court's 120-day deadline and the plaintiff had established disability through step four).

Nevertheless, the Court is cognizant that 60 days may not provide the Commissioner with sufficient time to complete the tasks outlined in the September 7, 2012 Memorandum & Order. The Motion for Extension of Time is therefore granted, and the Commissioner now has 120 days to complete the required proceedings.

As the Court is addressing the motion for reconsideration and relief from judgment, the Commissioner's motion to stay the judgment pursuant to Rule 62(b) pending disposition of the motion is denied as moot. The time in which the reconsideration motion was pending is not exempt from the 120 days, which will run from the September 7, 2012 Memorandum & Order.

**SO ORDERED.**

_____

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 15, 2012